United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

MARCUS ETIENNE, ELIZABETH GOBERT, CRAIG MARSHALL, and MARIO ROBINSON

Defendants.

_____/

No. CR 17-00093 WHA

**ORDER RE MOTION FOR ADDITIONAL DECLARATIONS**

In September 2018, litigation ensued regarding defendant Marcus Etienne's subpoena to the Oakland Police Department. Throughout that litigation, both the government and OPD represented that the subpoena should be quashed because OPD had turned over everything in its files to the federal government. Ultimately, however, the government revealed that it had uncovered several items, including recordings of telephone calls made by OPD Sergeant Richard Vass to defendant Mario Robinson, that had not previously made it into the government's file. A December 14 order denied Robinson's motion to exclude the recorded telephone calls from introduction at trial but required the government to submit a declaration supporting its assertions concerning the timing of its receipt and disclosure of the recordings. The government timely complied with this requirement on December 21 (Dkt. Nos. 297, 328, 342).

Robinson now moves for an order requiring Sergeant Richard Vass and counsel for the City of Oakland to submit additional declarations which address, among other things, the precise manner in which the recordings and other items of evidence were stored and produced to the government (Dkt. No. 337).  Robinson argues that this information is necessary to resolve "serious questions" that remain unanswered regarding the government's possession and production of evidence.  This order disagrees.  A December 2 order granted Oakland's motion to quash because Etienne's subpoena did not meet the requirements of *United States v. Nixon*, 418 U.S. 683 (1974) (Dkt. No. 303).  The December 14 order denied Robinson's motion for sanctions on the ground that — taking the government's representations regarding its late discovery of the recordings as true — the government had complied with its discovery obligations and Robinson was not sufficiently prejudiced by the late production.  Government counsel has now submitted a declaration under penalty of perjury to substantiate these representations.  Because the information sought by Robinson is unnecessary to resolve any currently-pending discovery dispute, Robinson's motion for additional declarations is **DENIED**.

**IT IS SO ORDERED.**

Dated: December 27, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2