IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

MARCUS ETIENNE, BURTE GUCCI RHODES, and MARIO ROBINSON,

    Defendants.

No. CR 17-00093 WHA

**OMNIBUS ORDER RE JUNE 4 MOTIONS**

**INTRODUCTION**

This RICO prosecution commenced in October 2016. The Third Superseding Indictment was issued December 18, 2018. It alleges eighteen counts against three defendants, claiming they were members of the "Etienne Enterprise," a criminal organization based in Louisiana and California. The following counts from the indictment are relevant to this order. Defendants Marcus Etienne and Mario Robinson are charged with conspiracy to conduct the affairs of an enterprise through a pattern of racketeering activity (Count Four), murder in the aid of racketeering (Count Five). Etienne is charged with conspiracy to commit the murder of M.R. in aid of racketeering (Count Six) and assault with a deadly weapon in aid of racketeering (Count Ten). Burte Gucci Rhodes is charged with possession with intent to distribute heroin (Count Eleven) and firearms offenses (Count Twelve).

An amended scheduling order stated "all motions to dismiss or to sever based on the face of the operative indictment or any other motion based on the face of the operative indictment, or motions to transfer," "[a]ll Rule 8 motions, motions for bills of particulars, or motions for

discovery of jury-composition records," and "[a]ny motion by the government to keep secret the names and identities of civilian witnesses, who otherwise shall be disclosed... must be filed by June 4, 2019."

Defendants and the government individually or in concert filed eight motions in response to the amended scheduling order. Etienne filed a motion to dismiss or sever Count Ten and to sever Counts Eleven and Twelve. Etienne and Robinson filed motions for disclosure of grand jury transcripts, to compel disclosure and for a bill of particulars. Rhodes moved to inspect and copy jury records pertinent to the indicting grand jury and for specified pretrial discovery. The government moved for the protection of civilian witnesses. This omnibus order addresses those motions.

1. **ETIENNE'S MOTION TO DISMISS OR SEVER COUNT 10**

Federal Rules of Criminal Procedure Rule 8(a) allows for the joinder of two or more offenses if they are both "of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Even if joinder is permissible under this rule, the court may still order separate trials if "the joinder of offenses or defendants in an indictment... appears to prejudice a defendant"(Fed. R. Crim. P. 14(a)).

**A.    Motion to Dismiss**.

The government argues that dismissal of Count Ten is improper because Count Four alleges a RICO conspiracy, which is a continuing offense that can be brought in any district where some of the enterprise's criminal activity occurred (Opp. at 2).

Defendant argues that Count 10 should be dismissed for lack of jurisdiction because it describes the assault as having occurred in the Northern District of California and elsewhere even though the alleged assault occurred in St. Landrys' Parish, Louisiana (Br. at 5).

Although Count Ten occurred in Louisiana, Count Four describes defendant's enterprise as operating in Louisiana and the Northern District of California. Accordingly, jurisdiction exists, and the motion to dismiss Count 10 is **DENIED**.

**B.    Motion to Sever.**

The government argues that joinder is proper because Count Ten in the Third Superseding Indictment alleges that the assault was committed for "the purpose of gaining entrance to and maintaining and increasing position" in the enterprise.

Defendant argues that Count Ten should be severed because the indictment does not establish any connection between the alleged assault in Louisiana and the RICO conspiracy charged in Count Four (Br. at 6). Defendant further argues that joinder would be prejudicial because Count Ten alleges violence against strangers whereas Counts Four, Five, and Six only allege violence against alleged members of the enterprise (*id.* at 7).

The defendant is correct in stating that Count Ten's connection to the enterprise is tenuous, especially regarding the connection of the victims of the alleged assault to the enterprise. The bare bones allegations are nonetheless sufficient under Rule 8(a) and joinder is proper. Joinder is also not prejudicial because Counts Four, Five, and Six all already allege violence related to the enterprise and jury instruction can reduce any possible prejudice.

For the reasons stated above, the motion is **DENIED**. However, given the lack of detail in Count Ten of the Superseding Indictment, the government is ordered to submit a bill of particulars to defendant explaining how victims K.T., M.B., and D.T. are related to the Etienne enterprise and how specifically the alleged assault of these victims furthered the enterprise. This is due by **JULY 31, 2019 AT NOON**.

**2. ETIENNE'S MOTION TO SEVER COUNTS ELEVEN AND TWELVE**

Defendant argues that the heroin and related weapons charge for Rhodes in Counts Eleven and Twelve are not of the same or similar character as the other charges in the indictment which relate to a conspiracy to distribute marijuana and murder (Reply at 2).

The government argues that Counts Eleven and Twelve should not be severed because they have a similar modus operandi as Count Seven. Specifically, the government claims Counts Eleven and Twelve makes it more likely Rhodes was the person Etienne hired to murder T.T. since he possessed multiple firearms and drugs (Opp. at 3-4). The government does not allege the weapons in Counts Eleven and Twelve are the same used for the murder. Nor is the act of

owning weapons or possessing drugs itself enough to indicate a similar modus operandi. Joinder is improper.

For the reasons stated above, the motion to sever is **GRANTED.** Conceivably some of the firearms evidence in Counts Eleven and Twelve, however, may be independently admissible to meet issues legitimately in the trial, a point yet to be decided.

### 3. ETIENNE AND ROBINSON'S MOTION FOR DISCLOSURE OF GRAND JURY INSTRUCTIONS

Defendants have requested the disclosure of "1) the legal instructions given to the grand jury on all counts involving alleged racketeering activity, and specifically what must be found for an alleged act to be considered racketeering activity, 2) the transcript documenting any argument, testimony, and/or colloquy by the government on this issue, and 3) any question-and-answer exchanges between the grand jurors and the government in issue" (Br. at 3-4).

Federal Rules of Criminal Procedure 6(e)(3) states that a court may order the disclosure of grand jury materials at the request of a defendant who shows that grounds may exist to dismiss the indictment because of a matter that occurred before the grand jury. A party must demonstrate that there is a particularized need for them. A particularized need exists when 1) disclosing the desired material will avoid a possible injustice, 2) the need for the disclosure is greater than the need for continued secrecy, and 3) when only the relevant parts of the transcripts are disclosed. *United States v. Plummer,* 941 F.2d 799, 806 (9th Cir. 1991).

Defendants argue there is a particularized need for the material given the government's erroneous statements at a May 7, 2019 hearing regarding whether the allegations of dogfighting needed to be in furtherance of the RICO conspiracy charges (Br. at 6). Defendants claim that obtaining this material will help them ensure that the grand jury was properly instructed on the racketeering charges (*ibid.*).

The government argues that although its explanation regarding the standard for RICO conspiracy charges may have been unclear, it does not mean there was any impropriety at the grand jury proceedings (Opp. at 4).

The government misstated the standard for RICO conspiracy charges at a hearing on May 7, 2019. It stated "there has to be a racketeering enterprise that engages in these acts and then as part of the racketeering enterprise, the predicate acts. But I'm not sure that they have to individually be in furtherance – somehow in furtherance of the racketeering conspiracy, other than the fact that they are racketeering acts themselves" (Br. Ex. A at 17:22-25). Providing the defense with the instructions to the grand jury regarding racketeering and dogfighting avoids a possible injustice by ensuring a similar misstatement was not made during the grand jury proceeding. Furthermore, the need to disclose such documents outweighs the need for secrecy because the government has already arrested and indicted the defendants it intended to. Disclosure of the instructions is also sufficiently narrow and focused as it only addresses whether a similar misstatement was made. Accordingly, a particularized need exists for such information. The remaining information requested is not necessary to determine if a similar misstatement was made during the grand jury proceedings.

The motion is **GRANTED** with regards to the legal instructions given to the grand jury as to the elements constituting racketeering activity and any legal instructions concerning dogfighting. This shall be submitted by **JULY 31, 2019 AT NOON**. If the government believes further instructions are needed under the rule of completeness, it may file a supplemental brief with such information. The remaining requests are **DENIED.**

### 4. RHODE'S MOTION TO INSPECT AND COPY JURY RECORDS PERTINENT TO THE INDICTING GRAND JURY PURSUANT TO GENERAL ORDER NO. 6

Both parties will submit an agreed upon form stating what jury records will be produced by **JUNE 25, 2019 AT NOON**.

### 5. RHODE'S MOTION FOR SPECIFIED PRETRIAL DISCOVERY

The motion is **GRANTED** and **DENIED** to the extent stated orally on the record. The government shall provide a bill of particulars by **JULY 31, 2019 AT NOON** to identify any other murder or murder for hire by Rhodes that the government will conceivably use as Rule 404(b) evidence. Failure to respond may lead to exclusion of such murder or murder for hire as Rule 404(b) evidence.

**6. ETIENNE AND ROBINSON'S RENEWED MOTION TO COMPEL DISCLOSURE**

As agreed upon by both parties, AUSA Meredith Osborn will reply to the letter by defense counsel (Br. Ex. B) dated April 25, 2019 with the degree of specificity stated orally on the record by **JUNE 25, 2019 AT NOON**.

**7. ETIENNE AND ROBINSON'S MOTION FOR BILL OF PARTICULARS**

Etienne and Robinson moved for a bill of particulars they want the government to provide that is detailed below.

FRCP 7(f) provides that "[t]he court may direct the government to file a bill of particulars." The decision whether to grant a request for a bill of particulars is within the trial court's discretion. *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983). Our court of appeals has explained that a bill of particulars serves three functions: (1) to inform the defendant of the nature of the charges against him with sufficient precision to enable him to prepare for trial; (2) to avoid or minimize the danger of surprise at the time of trial; and (3) to protect against double jeopardy. *United States v. Ayers*, 924 F.2d 1468, 1483 (9th Cir. 1991).

A bill of particulars should be limited to these purposes: "[a] defendant is not entitled to know all the evidence the government intends to produce but only the theory of the government's case." *United States v. Ryland*, 806 F.2d 941, 942 (9th Cir. 1986). Furthermore, the government may add clarity to the allegations via discovery, and "full discovery obviates the need for a bill of particulars." *United States v. Giese*, 597 F.2d 1170, 1180–81 (9th Cir. 1979).

For the reasons that follow, the government will be ordered to provide a limited bill of particulars. The motions will otherwise be denied.

**A. Count One.**

Count One of the Third Superseding Indictment charges the defendants with conspiring to distribute and possess with the intent to distribute 1000 kilograms or more of marijuana in violation of Sections 846, 841(a)(1) and 841(b)(1)(A) of Title 21 of the United States Code. It specifically states that at least in or about January 7, 2013.... in the Northern district of California and elsewhere, the defendants..." violated the aforementioned section of Title 21. Etienne and

Robinson seek information regarding the manner by which each defendant allegedly entered into the conspiracy, the agreement entered into by each defendant, and the names of the alleged "known" co-conspirators (Br. at 5).

The allegations as to Count One are adequate. The defendants' "request for the 'when, where, and how' of every act in furtherance of the conspiracy [is] equivalent to a request for complete discovery of the government's evidence, which is not a purpose of the bill of particulars." *United States v. Giese*, 597 F.2d 1170, 1181 (9th Cir. 1979). Moreover, our court of appeals has explained that a bill of particulars is not warranted to obtain the names of co-conspirators. *See United States v. DiCesare*, 765 F.2d 890, 897–98 (9th Cir. 1985). Defendants' requests are **DENIED**.

### B. Count Three.

Count Three charges defendants with the use/possession of a firearm in furtherance of murder in violation of Section 924(j). The indictment alleges that defendants "aided and abetted each by the others, ... during and in relation to a drug trafficking offense, namely, the conspiracy to distribute and possess with intent to distribute marijuana as charged in Count One" and "caused the death of T.T. by discharging a firearm at T.T." Etienne and Robinson seek information regarding the manner in which the alleged murder is connected to the alleged conspiracy to distribute marijuana (Br. at 5).

The connection between the conspiracy to sell marijuana and the alleged murder is clear and adequate. Defendants' request for further information regarding the manner in which the crimes are connected is the equivalent to a request for discovery of the government's evidence. Defendants' request is accordingly **DENIED**.

### C. Count Four.

Count Four of the indictment describes the alleged racketeering enterprise, the purpose, means, and methods of the enterprise, the alleged RICO conspiracy, and the means and methods of the RICO conspiracy. Count Four alleges a "pattern of racketeering activity" consisting of: (1) multiple offenses involving dealing in controlled substances, in violation of 21 U.S.C. § 841(a)(1) and 846; (2) multiple acts indictable under 18 U.S.C. § 894 (extortionate collection of

7

extensions of credit); (3) multiple acts indictable under 18 U.S.C. § 1956 (money laundering); (4) multiple acts indictable under 18 U.S.C. § 1958 (murder for hire); and (5) multiple acts involving murder in violation of California and Louisiana law.

Etienne and Robinson seek a laundry list of information including:

- The manner in which the specific acts of racketeering served the purpose of promoting or preserving the alleged enterprise;
- The approximate date of the alleged extortionate collection of extension credit;
- The approximate date when, and manner in which Etienne allegedly procured and induced Marshall and/or Robinson to murder T.T.;
- The approximate date when the defendants conspired to commit the murder of T.T.;
- The alleged relationship between the dog-fighting and the RICO conspiracy;
- The specific effect on interstate commerce of the alleged enterprise; and
- The location where, date when, and identity of the individual with whom defendants agreed that a conspirator would commit at least two acts of racketeering activity and involved themselves in the alleged means and methods of the conspiracy

(Br. at 5-6).

The principles governing requests for a bill of particulars "must be applied with some care when the Government charges criminal offenses under statutes as broad as RICO." *United States v. Davidoff*, 845 F.2d 1151, 1154 (2d Cir. 1988). Indeed, "the wide latitude accorded the prosecution to frame" a RICO charge brings with it "an obligation to particularize the nature of the charge to a degree that might not be necessary in the prosecution of crimes of more limited scope." *Ibid*. Although sufficient in most respects, Count Four is too vague in light of the broad conduct alleged. To the extent described below, defendants' motions as to this count are **GRANTED**.

The government has represented that it will proceed to trial with a *Pinkerton* theory of liability as to all substantive charges (Opp. at 9). Under the *Pinkerton* doctrine, once a defendant

8

joins a conspiracy, he or she is potentially liable for the actions of other defendants in furtherance of the conspiracy. *Pinkerton v. United States*, 328 U.S. 640 (1946). Accordingly, without knowing when they are each alleged to have joined conspiracy, defendants cannot know the universe of conduct against which they must prepare a defense. *See United States v. Cerna*, No. 08-cr-0730, 2009 WL 2998929, at *2 (N.D. Cal. Sept. 16, 2009). The government shall provide a bill of particulars clarifying the earliest known date for when each defendant joined the conspiracy to murder T.T. by **JULY 31, 2019 AT NOON.**

In RICO conspiracy prosecutions, defendants can be held liable for crimes committed in furtherance of the enterprise. The nondescriptive allegations regarding dogfighting in this Count are not enough to allow defendants in this case to understand how the crime relates to the conspiracy, let alone prepare a defense against it. *United States v. Williams*, No. 13-cr-00764, 2015 WL 3830515, at *2 (N.D. Cal. June 19, 2015) (Judge William Orrick); *United States v. Alvarez*, No. 14-cr-00120, 2014 WL 7240670, at *3 (N.D. Cal. Dec. 19, 2014) (Judge Nathanael Cousins). Accordingly, the government shall provide a bill of particulars with regards to how the dogfighting furthered the conspiracy by **JULY 31, 2019 AT NOON**.

Similarly, the allegations regarding murder in this indictment are inadequate to prepare a defense. Without knowing when, how, or their role in T.T's murder or murder for hire, defendants will again not know the universe of conduct against which they must prepare a defense. The government shall therefore provide defendants with a bill of particulars stating the timing and manner of how Rhodes was procured to murder T.T. and the specific role of each defendant in the murder of T.T. or in the procurement of T.T's murder by **JULY 31, 2019 AT NOON**.

### D. Count Five.

Count Five charges defendants with murder in aid of racketeering in violation of Section 1959(a)(1) of Title 18 of the United States Code. The superceding indictment alleges that the Etienne Enterprise engaged in racketeering activity and that:

> On or about March 22, 2016, in the Northern District of California, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from the Etienne Enterprise, and for the purpose of gaining entrance to and maintaining and increasing position in the Etienne Enterprise, an enterprise engaged

in racketeering activity, the defendants, [Etienne and Robinson], together with others known and unknown to the Grand Jury, aided and abetted each by the others, did unlawfully, knowingly, and intentionally, and with malice aforethought, commit and cause the murder of T.T., in violation of California Penal Code, Section 187.

As with Count Two, this is insufficient information for defendants to prepare a defense. Defendants seek the following information:

- A description of the alleged "consideration"
- The identities of "others known... to the Grand Jury" who "aided and abetted" in the murder;
- Each defendant's role in the alleged murder in the aid of racketeering;
- Which variant of principal liability the government will rely on at trial.

(Br. at 6).

To the extent described below, defendants' motions as to this count are **GRANTED**.

Disclosure of the government's factual theory of the case is one of the primary purposes of a bill of particulars. *Ryland*, 806 F.2d at 942. If any defendant is charged as a principal, the government must specify the variant (or variants) of principal liability on which the government will rely. The government shall thus provide a bill of particulars clarifying the variant of principal liability it will rely on at trial by **JULY 31, 2019 AT NOON**.

As with Count Four, the remaining information in the indictment is not enough for defendants to prepare a defense. In light of the bill of particulars that the government will be providing as to Count Four, it is not necessary to afford defendants any further notice of the requested information.

### E. Count Six.

With respect to Count Six for a violation of Section 1959(a)(5) of Title 18 of the United States Code, conspiracy to commit murder in aid of racketeering, defendants seek a bill of particulars regarding parties no longer present and events no longer alleged in the Third Superseding Indictment. The defendants' motion is thus **DENIED**.

### F. Count Seven.

Count Seven alleges a violation of Section 1958 of Title 18 of the United States Code, murder for hire. Defendants seek information regarding the role of each defendant in the alleged

murder for hire and the agreement alleged (Br. at 7). As with Count Four, the information in the indictment is insufficient for defendants to prepare a defense. In light of the bill of particulars that the government will be providing as to Count Four, it is not necessary to afford defendants any further notice of the requested information and defendants' motion as to this count is **DENIED**.

### G. Count Nine.

Count Nine alleges a violation of Section 371 of Title 18 of the United States Code, conspiracy. Defendants seek information regarding the date and location each defendant alleged entered the conspiracy, identities of "others" and the "over acts" alleged among "others" (Br. at 7).

As with the other conspiracy counts, the government shall provide the defense with a bill of particulars clarifying the earliest known date at which the defendants participated in murder for hire conspiracy, without prejudice to the government later proving an even earlier date by **JULY 31, 2019 AT NOON**. The remaining information requested amounts "to a request for complete discovery of the government's evidence." *Giese*, 597 F.2d at 1181. Defendants' request is therefore **GRANTED** to the extent detailed above.

### H. Count Ten.

Count Ten alleges a violation of Section 1959(a)(3) of Title 18 of the United States Code, assault with a deadly weapon in aid of racketeering. Defendants request information regarding the alleged relationship between the Louisiana assault and the RICO conspiracy (Br. at 7).

In light of the bill of particulars the government will be providing as to Etienne's Motion to Sever Count Ten, it is not necessary to afford defendants any further notice of the requested information and the request is therefore **DENIED**.

### J. Counts Thirteen, Fourteen, Fifteen, Sixteen, Seventeen, and Eighteen.

Counts Thirteen through Eighteen allege a violation of Section 1956 of Title 18 of the United States Code, money laundering. Defendants request information regarding the date and location each defendant alleged entered the conspiracy to launder money, the identity of others in the conspiracy, the other locations the conspiracy is alleged to have occurred, manner in

11

which each defendant is alleged to have attempted to conceal disguise their unlawful activities (Br. at 7).

As with the other conspiracy counts, the government shall provide the defense with a bill of particulars clarifying the earliest known date at which the defendants participated in the money laundering conspiracy, without prejudice to the government later proving an even earlier date by **JULY 31, 2019 AT NOON**. Defendants' request is therefore **GRANTED** to the extent detailed above.

### 8. GOVERNMENT'S MOTION FOR THE PROTECTION OF CIVILIAN WITNESSES

Federal Rules of Criminal Procedure 16(d)(1) states a court may "deny, restrict, or defer discovery or inspection, or grant other appropriate relief."

The amended scheduling order states that the government must a provide a "final list of witnesses for its case-in-chief, including civilian witnesses" by February 11, 2020 (Dkt. No. 103). The government has moved to disclose the names of the three parties listed in its June 5, 2019 *ex parte* under seal submission as well as victims K.T., M.B., and D.T. from Count Ten of the Third Superseding Indictment under the conditions of its current protective order.

The Court provided defendants with a broad oral summary as to the content of the *ex parte* under seal materials at the hearing. Given the dangerous nature of the alleged crimes and the fact that defendants did not orally oppose the government's request at the hearing, the government's motion is **GRANTED** as to the three parties listed in its *ex parte* under seal submission as well as victims K.T., M.B., and D.T. from Count Ten of the Third Superseding Indictment.

**IT IS SO ORDERED.**

Dated: June 20, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE